UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KHASHAYAR HAKIMIAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PENTWATER CAPITAL MANAGEMENT LP and MATTHEW HALBOWER,

Defendants.

Case No. 2:26-cv-02275-SPC-NPM

CLASS ACTION

**MOTION OF ARGONAUT CAPITAL PARTNERS LLP AND KHASHAYAR HAKIMIAN FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT**

## TABLE OF CONTENTS


MOTION ........ 1

MEMORANDUM OF LAW ........ 2

I. PRELIMINARY STATEMENT ........ 2

II. STATEMENT OF FACTS ........ 4

III. ARGUMENT ........ 6

A. ARGONAUT AND HAKIMIAN SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ........ 6

i. Argonaut and Hakimian Are Willing to Serve as Class Representatives ........ 7

ii. Argonaut and Hakimian Have the "Largest Financial Interest" ........ 8

iii. Argonaut and Hakimian Otherwise Satisfy the Requirements of Rule 23 ........ 10

iv. Argonaut and Hakimian Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ........ 15

B. CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ........ 15

IV. CONCLUSION ........ 17

Local Rule 3.01(g) Certification ........ 18

CERTIFICATE OF SERVICE ........ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brustein v. Lampert*,
No. 04-61159-CIV, 2005 WL 8154797 (S.D. Fla. June 16, 2005) .......... 10

*Eastwood Enterprises v. Farha*,
No. 8:07-CV-1940-T-24MSS, 2008 WL 687351 (M.D. Fla. Mar. 11, 2008)..... 13, 14

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ........ 14

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .......... 8

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 WL 680779 (E.D.N.Y. Mar. 2, 2007).......... 8

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005).......... 16

*In re Olsten Corp. Sec. Litig.*,
3 F.Supp.2d 286 (E.D.N.Y. 1998) .......... 8

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010).......... 11

*Kornfield v. Opteum Inc.*, No. 07-14278-CIV-GRAHAM/LYNCH,
2008 WL 11408525 (S.D. Fla. Sept. 29, 2008) .......... 9, 13

*La. Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) .......... 14

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .......... 8, 9

*Miller v. Dyadic Int'l, Inc.*,
No. 07-80948-CIV, 2007 WL 4754041 (S.D. Fla. Dec. 14, 2007).......... 9

*Miller v. Dyadic Int'l, Inc.*,
No. 07-80948-CIV, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) .......... 12

*Mulvaney v. Geo Grp., Inc.*,
No. 16-CV-81494, 2016 WL 10519276 (S.D. Fla. Nov. 21, 2016) .......................... 15

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002) .......................................................................... 13

*Piven v. Sykes Enters.*,
137 F.Supp.2d 1295 (M.D. Fla. 2000)..................................................................... 11

*Plymouth Cnty. Ret. Sys. v. Carter's, Inc.*,
No. 1:08-CV-2940-JOF, 2009 WL 692141 (N.D. Ga. Mar. 13, 2009)....................... 9

*Prado-Steinman ex rel. Prado v. Bush*,
221 F.3d 1266 (11th Cir. 2000) ............................................................................. 11

*Tran v. ERBA Diagnostics, Inc.*,
No. 15-CV-24440, 2016 WL 7438833 (S.D. Fla. Apr. 8, 2016) ............................... 10

*Vincelli v. National Home Health Care Corp.*,
112 F.Supp.2d 1309 (M.D. Fla. 2000)....................................................................... 9

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

Securities Exchange Act of 1934 ................................................................. 1, 2, 5, 8, 11

**Rules**

Fed. R. Civ. P. 23 ........................................................................................ *passim*

Local Rule 3.01(g)........................................................................................... 18

**MOTION**

Argonaut Capital Partners LLP ("Argonaut") and Khashayar Hakimian ("Hakimian"), by and through their counsel, hereby move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Argonaut and Hakimian as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that (a) purchased or otherwise acquired Avis Budget Group, Inc. ("Avis" or the "Company") securities (including purchasers/acquirers of swaps and those who bought Avis common stock to cover a short position) or (b) sold Avis securities short (including sellers of calls who then purchased similar contracts to cover), between February 20, 2026 and April 21, 2026, inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Miller Shah LLP ("Miller Shah") as Liaison Counsel for the Class.[1]

---

[1] Due to a typographical error, at ¶ 1, the complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") erroneously describes the Class Period as extending from February 20, 2025 through April 21, 2026, both dates inclusive. However, as the Complaint's substantive allegations make clear, the Class Period begins on February 20, 202**6**. *See id.* ¶ 17 ("The Class Period begins on February 20, 2026, the date on which Pentwater became the owner of 10% of Avis's stock, as

This Motion is supported by the Memorandum of Law submitted herewith, the Declaration of Nathan C. Zipperian in Support of Motion ("Zipperian Decl."), and all exhibits thereto.

## MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

The Complaint in the Action alleges that the Defendants defrauded investors, as well as engaged in a series of manipulative transactions in Avis securities, in violation of the Exchange Act. Avis investors, including Argonaut and Hakimian, incurred significant losses as a result of the Defendants' alleged wrongful conduct, damaging Argonaut, Hakimian, and other Avis investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of

---

disclosed in a Form 3 filed with the SEC on February 24, 2026."). Further, on September 10, 2026, a second action alleging substantially the same wrongdoing as the instant Action against overlapping defendants was filed in the United States District Court for the Southern District of New York, styled *Arjang v. Pentwater Capital Management LP et al.*, No. 1:26-cv-07884 (S.D.N.Y.) (the "S.D.N.Y. Action"), alleging a class period extending from February 20, 2026 through April 21, 2026, inclusive, asserting claims on behalf of a putative Class consisting of all persons and entities other than Defendants that (1) purchased or otherwise acquired Avis securities (including purchasers/acquirers of swaps and those who bought Avis common stock to cover a short position) or (2) sold Avis securities short (including sellers of calls who then purchased similar contracts to cover). *See* S.D.N.Y. Action, Dkt. No. 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the facially broader Class definition alleged in the S.D.N.Y. Action, which expressly includes more potential class members.

the litigation and that satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Argonaut and Hakimian, in the aggregate: (1) purchased or otherwise acquired 97,458 swaps, 15,500 shares of Avis common stock, and 11 Avis options contracts; and (2) as a result of the Defendants' alleged wrongful conduct, incurred losses of approximately $13,959,841. *See* Zipperian Decl., Exhibit ("Ex.") A. Accordingly, Argonaut and Hakimian believe that they have the largest financial interest in the relief sought in this litigation. Beyond their considerable financial interest, Argonaut and Hakimian also meet the applicable requirements of Rule 23 because their claims are typical of those of absent Class members and they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Argonaut and Hakimian have selected Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel for the Class. These firms and their attorneys are highly experienced in the areas of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Argonaut and Hakimian respectfully request that the Court enter an Order appointing Argonaut and Hakimian as Co-Lead Plaintiffs for the

Class and approving their selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel for the Class.

**II. STATEMENT OF FACTS**

As alleged in the Complaint, this case involves a scheme to manipulate the market for Avis securities, orchestrated by Defendants Pentwater Capital Management LP ("Pentwater") and Matthew Halbower ("Halbower"). Dkt. No. 1 ¶ 2. Taking advantage of Pentwater's position as one of Avis's largest shareholders, holding a total economic interest of approximately 51% of the Company through stocks and cash-settled swaps as of March 2026, Defendants' aggressive purchasing of Avis stock during the Class Period triggered unusual volatility and a short squeeze in the market for Avis securities—*i.e.*, a rapid surge in the Company's stock price caused by short sellers buying back shares to cut their losses, thereby fueling further price spikes—all of which served to greatly increase the value of Pentwater's holdings of Avis stock. *Id.*

Between April 1 and April 22, 2026, the market price of Avis common stock climbed dramatically, after trading below $200 per share for the majority of the preceding twelve months and despite the disappointing full-year 2025 financial results Avis had recently released. *Id.* ¶ 3. Avis's stock price reached a staggering high of $765.94 per share during intraday trading on April 21, an increase of approximately 419% over its $147.52 opening price on April 1, before closing at

$713.97 per share. *Id.* Then, over the following trading sessions, Avis's share price collapsed by ***74.51%***, closing at $182.005 per share on April 28, 2026. *Id.*

One day later, during an April 29, 2026 earnings call, Avis CEO Brian Choi told investors that Pentwater had sold 4.3 million shares of Avis stock between April 22 and 23, 2026, for sales proceeds of $1.75 billion. *Id.* ¶ 4. Dumping Pentwater's Avis holdings into the market during such a short period of time caused Avis's share price to plunge, damaging investors. *Id.*

On June 18, 2026, Avis disclosed in a filing with the United States Securities and Exchange Commission ("SEC") that Pentwater had agreed to pay Avis $650 million to settle alleged violations of Section 16(b) of the Exchange Act, a "short-swing profits" rule that requires owners of more than 10% of a class of publicly traded equity securities to disgorge any profits from trading in the issuer's equity securities within a period of less than six months. *Id.* ¶ 5. On June 29, 2026, Avis filed a heavily redacted copy of a complaint, originally filed under seal, against Defendant Pentwater, Defendant Halbower, and a series of apparently related entities, setting forth Avis's allegations. *Id.*

As a result of Defendants' market-manipulation scheme, Argonaut, Hakimian, and other Class members have suffered significant losses and damages. *See id.* ¶ 6.

## III. ARGUMENT

### A. ARGONAUT AND HAKIMIAN SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Argonaut and Hakimian should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the litigation to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (i) the pendency of the action; and (ii) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice, and to do so by the later of (i) 90 days after the date of publication or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B)(i)–(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Argonaut and Hakimian satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

**i. Argonaut and Hakimian Are Willing to Serve as Class Representatives**

On July 31, 2026, counsel for the plaintiff in the Action caused the statutorily required Notice to be published via *ACCESS Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Pentwater and Halbower, and advising investors in Avis securities that they had until September 29, 2026—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Zipperian Decl., Ex. B.

Argonaut and Hakimian have filed the instant motion pursuant to the Notice, and they have submitted sworn Certifications attesting that they are willing to serve as representatives for the Class, and to provide testimony at

deposition and trial, if necessary.[2] *See id.*, Ex. C; Dkt. No. 1 at *22–24. Accordingly, Argonaut and Hakimian satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### ii. Argonaut and Hakimian Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of their knowledge, Argonaut and Hakimian have the largest financial interest of any Avis investor or investor group seeking to serve as Lead Plaintiff. For claims arising under the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). In accord with other courts nationwide,[3] these so-called *Lax* factors have been

[2] Barry Norris ("Norris"), as Founding Partner and Fund Manager, with authority to bind Argonaut and enter into litigation on its behalf, signed Argonaut's Certification on its behalf. *See* Zipperian Decl., Ex. C.

[3] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec.*

adopted and routinely applied by courts in the Eleventh Circuit. *See, e.g.*, *Plymouth Cnty. Ret. Sys. v. Carter's, Inc.*, No. 1:08-CV-2940-JOF, 2009 WL 692141, at *2–3 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to the *Lax* factors); *see also Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2007 WL 4754041, at *1–2 (S.D. Fla. Dec. 14, 2007) (same). Of the *Lax* factors, courts in the Eleventh Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Vincelli v. National Home Health Care Corp.*, 112 F.Supp.2d 1309, 1317 (M.D. Fla. 2000) (equating financial interest with monetary loss); *Kornfield v. Opteum Inc.*, No. 07-14278-CIV-GRAHAM/LYNCH, 2008 WL 11408525, at *3–4 (S.D. Fla. Sept. 29, 2008) (same).

During the Class Period, Argonaut and Hakimian, in the aggregate: (1) purchased or otherwise acquired 97,458 swaps, 15,500 shares of Avis common stock, and 11 Avis options contracts; and (2) as a result of the Defendants' alleged wrongful conduct, incurred losses of approximately $13,959,841. *See* Zipperian Decl., Ex. A. As such, Argonaut and Hakimian believe that they possess the largest financial interest in the outcome of this litigation within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

*Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007).

**iii. Argonaut and Hakimian Otherwise Satisfy the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies Rule 23's requirements is sufficient. *See Brustein v. Lampert*, No. 04-61159-CIV, 2005 WL 8154797, at *7 (S.D. Fla. June 16, 2005); *Tran v. ERBA Diagnostics, Inc.*, No. 15-CV-24440, 2016 WL 7438833, at *1 (S.D. Fla. Apr. 8, 2016). Moreover, typicality and adequacy of representation are the only provisions of Rule 23 relevant to a determination of lead plaintiff under the PSLRA. *See Brustein*, 2005 WL 8154797, at *7; *Tran*, 2016 WL 7438833, at *1. Further, the Complaint in the

Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Argonaut and Hakimian. *See* Dkt. No. 1 ¶¶ 34, 37.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *see also Piven v. Sykes Enters.*, 137 F.Supp.2d 1295, 1306 (M.D. Fla. 2000) (same). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992))

Argonaut and Hakimian's claims are typical of those of the Class. Argonaut and Hakimian allege, like other Class members, that Defendants violated the Exchange Act by engaging in a fraudulent scheme to manipulate the market for Avis securities. Argonaut and Hakimian, like other Class members, purchased or otherwise acquired Avis securities, or sold Avis securities short, during the Class Period, and were damaged as a result of the Defendants' alleged wrongful

conduct. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) "is satisfied where . . .: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class [representative] has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

Argonaut and Hakimian are adequate representatives for the Class. As set forth in greater detail below, in Pomerantz and Miller Shah, Argonaut and Hakimian have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and Miller Shah to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz and Miller Shah, Hakimian is also represented by the Nematzadeh PLLC law firm. There is no evidence of antagonism or conflict between Argonaut and Hakimian's interests and those of the Class. Moreover, Argonaut and Hakimian have submitted sworn Certifications declaring their

commitment to protecting the interests of the Class (*see* Zipperian Decl., Ex. C; Dkt. No. 1 at 22–24), and their significant loss incurred as a result of the Defendants' alleged malfeasance demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further, Argonaut and Hakimian constitute an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002) (collecting cases and finding it is "not . . . appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff", that "[t]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves", and appointing group consisting of four individuals and two European banking entities as lead plaintiffs); *Kornfield*, 2008 WL 11408525, at *2, *7 (appointing group of three as lead plaintiffs under the PSLRA); *Eastwood Enterprises v. Farha*, No. 8:07-CV-1940-T-24MSS, 2008 WL 687351, at *2, *4 (M.D. Fla. Mar. 11, 2008) (finding "[d]istrict courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff" under the PSLRA, that a group of five investors "is the movant with the largest financial interest", and "grant[ing] th[at group]'s motion and appoint[ing] it as lead plaintiff").

Argonaut and Hakimian likewise have demonstrated their adequacy because they are a cohesive duo that has submitted a Joint Declaration—signed by Norris, as Founding Partner and Fund Manager on behalf of Argonaut, and Hakimian—attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Zipperian Decl., Ex. D. Courts routinely appoint groups as lead plaintiff under the PSLRA in such circumstances. *See, e.g.*, *Eastwood*, 2008 WL 687351, at *3 (appointing group of five investors, and noting joint declaration attesting to, *inter alia*, "their desire to join together to litigate this action" and "that they would oversee counsel's prosecution of this action"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class"); *La. Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

#### iv. Argonaut and Hakimian Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption favoring Argonaut and Hakimian's appointment as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Argonaut and Hakimian's ability and desire to fairly and adequately represent the Class has been discussed above. Argonaut and Hakimian are not aware of any unique defenses the Defendants could raise that would render them inadequate to represent the Class. Accordingly, Argonaut and Hakimian should be appointed Co-Lead Plaintiffs for the Class.

### B. CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel for the Class, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "The Court should interfere with lead plaintiff's selection only when necessary 'to protect the interests of the class.'" *Mulvaney v. Geo Grp., Inc.*, No. 16-CV-81494, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 21, 2016) (quoting 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II)(aa)); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Argonaut and Hakimian have selected Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Zipperian Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *Id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on

behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

Miller Shah is also well-qualified to serve as Liaison Counsel for the Class in this Action. As its firm resume reflects, Miller Shah maintains an office in Miami, Florida, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. Miller Shah's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Argonaut and Hakimian's counsel, Pomerantz and Miller Shah, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving Argonaut and Hakimian's selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Argonaut and Hakimian respectfully request that the Court issue an Order: (1) appointing Argonaut and Hakimian as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel for the Class.

**LOCAL RULE 3.01(g) CERTIFICATION**

Argonaut and Hakimian are aware of Local Rule 3.01(g), which provides, in relevant part, that "[b]efore filing a motion in a civil action, . . . the movant must confer with the opposing party in a good faith effort to resolve the motion." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in this Action is September 29, 2026, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II). Argonaut and Hakimian will thus not know the identities of the other putative Class members who intend to file competing motions for Lead Plaintiff appointment until September 30, 2026—the day after the statutory deadline—making conferral with opposing parties prior to the filing of Argonaut and Hakimian's motion papers impracticable. Under these circumstances, Argonaut and Hakimian respectfully request that compliance with Local Rule 3.01(g) be waived in this instance.

Dated: September 29, 2026

Respectfully submitted,

**MILLER SHAH LLP**

By: */s/ Nathan C. Zipperian*
Nathan C. Zipperian
Jayne A. Goldstein
1395 Brickell Avenue, Suite 827
Miami, Florida 33131
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com

jagoldstein@millershah.com

*Counsel for Argonaut Capital Partners LLP and Khashayar Hakimian and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (Lead Counsel)
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Argonaut Capital Partners LLP and Khashayar Hakimian and Proposed Lead Counsel for the Class*

**NEMATZADEH PLLC**
Justin S. Nematzadeh
(admitted *pro hac vice*)
1129 Northern Boulevard, Suite 457
Manhasset, New York 11030
Telephone: (646) 799-6729
jsn@nematlawyers.com

*Additional Counsel for Khashayar Hakimian*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian