**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**KHASHAYAR HAKIMIAN** and
**ARGONAUT CAPITAL PARTNERS LLP**,
Plaintiffs,

v. 2:26-cv-2275-SPC-NPM

**PENTWATER CAPITAL MANAGEMENT LP**,
and **MATTHEW HALBOWER**,
Defendants.

---

# ORDER

In this putative securities class action, shareholders Khashayar Hakimian and Argonaut Capital Partners LLP allege that beginning on February 20, 2026, through April 21, 2026, defendants Pentwater Capital Management LP and Matthew Halbower engaged in a series of manipulative transactions involving Avis Budget Group, Inc. (Avis) securities that resulted in significant losses for Hakimian and Argonaut as well as other Avis shareholders. (Doc. 1). Hakimian and Argonaut now move for an order appointing them co-lead plaintiffs on behalf of the proposed class and approving their selection of Pomerantz LLP as lead counsel and Miller Shah LLP as “liaison counsel.” (Doc. 25).

In addition to Federal Rule of Civil Procedure 23, class actions like this one are governed by the Securities Exchange Act of 1934, § 21D(a), as amended by the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(a). Under the PSLRA, the original plaintiff(s) must publish, “in a widely circulated national business-oriented publication or wire service, a notice advising members of

the purported class (1) of the pendency of the action, the claims asserted therein, and the purported class period; and (2) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *McCluney v. Treace Med. Concepts, Inc.*, No. 3:25-cv-390-WWB-PDB, 2025 WL 1809833, *1 (M.D. Fla. July 1, 2025) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)). "Within 90 days after the notice is published, the court must consider any such motion and appoint a lead plaintiff." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)).[1]

As an initial matter, we have "an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encouraging the most adequate plaintiff, the plaintiff with the largest financial stake in the outcome of the litigation, to come forward and take control of the litigation." *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-PGB-LHP, 2023 WL 5619307, *2 (M.D. Fla. Aug. 29, 2023) (quoting *Montesano v. Eros Int'l PLC*, No. 19-14125, 2020 WL 1873015, *2 (D.N.J. Apr. 14, 2020)). Specifically, the notice requirement is meant to provide enough information for interested class members to directly "contact the Court and readily obtain a copy of the complaint … and/or file a motion to be appointed as lead [plaintiff] in that case." *Del. Cty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, No. 3:20-cv-1815, 2020 WL 6682531, *2 (M.D. Pa. Nov. 12, 2020).

[1] Unless otherwise noted, we accept all alterations and omits all citations, footnotes, and internal quotation marks when quoting judicial decisions

On July 31, 2026—the same day this action was filed—plaintiff counsel published a purported PSLRA notice for this action in *ACCESS Newswire*. (Doc. 25-3). But the notice is deficient on several grounds. First, it misstates the class period as beginning on February 20, 2025, rather than February 20, 2026. The notice also fails to include sufficient identifying information about the action, such as the case caption (*Hakimian v. Pentwater Capital Management LP*), the complete case number (2:26-cv-2275-SPC-NPM), and the identity of the court division in which this action is pending (Fort Myers). *See In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989-MDL-ALTONAGA/Torres, 2021 WL 1997089, *2-3 (S.D. Fla. May 17, 2021) (finding a published notice to be inadequate when there was no case caption or information about the court where the case was pending); *see also Mastrella v. WCI Communities, Inc.*, No. 08-80055-CIV-HURLEY/HOPKINS, 2008 WL 11331712, *2 (S.D. Fla. May 28, 2008) (same); *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1316 (N.D. Ala. 2000) ("Without inclusion of the name or style of the action in the notice, an interested investor who even knew of the district in which the case was filed would have a difficult time searching for the action … in order that he, she or it might examine the complaint and determine if the case is one in which he, she, or it wished to assert control as lead plaintiff.").

In addition, the notice does not adequately apprise members of the proposed class that they may move independently, with counsel of their own choosing, to be lead plaintiff, rather than working through Pomerantz LLP—the law firm that published the notice. (*See* Doc. 25-3 at 2-3). The notice should clearly state that any

member must "move the court" or "file a motion," and that they can do so without contacting Pomerantz or anyone associated with that firm.[2] A review of the notice demonstrates that it reads more like an ad for Pomerantz, stating:

> Pomerantz LLP, with offices in New York, Chicago, Los Angeles, London, Paris, and Tel Aviv, is acknowledged as one of the premier firms in the areas of corporate, securities, and antitrust class litigation. Founded by the late Abraham L. Pomerantz, known as the dean of the class action bar, Pomerantz pioneered the field of securities class actions. Today, more than 85 years later, Pomerantz continues in the tradition he established, fighting for the rights of the victims of securities fraud, breaches of fiduciary duty, and corporate misconduct. The Firm has recovered billions of dollars in damages awards on behalf of class members. See www.pomlaw.com.
>
> **Attorney advertising. Prior results do not guarantee similar outcomes.**

(Doc. 25-3 at 3) (emphasis added). This approach undermines the PSLRA.

The purpose of the PSLRA is to "empower investors so that they—not their lawyers—exercise primary control over private securities litigation[.]" *In re Cendant Corp.*, 260 F.3d 183, 197 (3d Cir. 2001). Section 78u-4(a)(3)(B)(v) of the PSLRA conveys that the lead plaintiff is to select and direct lead counsel, not the other way around. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 1997089, at *3 (citation omitted) (A proper notice "shields against lawyer-driven litigation because such class members are not forced to contact noticing counsel for additional information to aid in their decision of whether to move for lead plaintiff status."). At bottom, the "notice serves primarily

[2] Immediately after advising investors that they could "ask the Court" to be appointed Lead Plaintiff, the July 31 notice directed readers to obtain the complaint from Pomerantz and to contact Pomerantz to discuss the action.

to funnel potential lead plaintiffs through the law firm," *Mastrella*, 2008 WL 11331712, at *3, which is contrary to the PSLRA.

Finally, there is insufficient support in the record to find that the notice, as published in *ACCESS Newswire*, is reasonably calculated to reach members of the proposed class. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Indeed, we have no evidence of the distribution scope that Pomerantz purchased, the wire service's confirmation of dissemination, or any performance report from the publisher detailing the distribution's reach and downstream outlets. Nor do we have supporting information showing that *ACCESS Newswire* is a national, business-oriented circulation. On the other hand, *Business Wire* and *GlobeNewswire* appear to be more reputable services for the notice contemplated in this matter. *See, e.g., McCluney*, 2025 WL 1809833, at *1 (publishing in *Business Wire* and *GlobeNewswire*); *Tran v. Erba Diagnostics, Inc.*, No. 15-24440-Civ-COOKE/TORRES, 2018 WL 11424198, *4 (S.D. Fla. Sep. 28, 2018) (same); *LeMen v. Redwire Corp. Etc.*, No. 3:21-cv-1254-TJC-PDB, 2022 WL 22673722, *1 (M.D. Fla. Mar. 17, 2022) (publishing in *Business Wire*); *Ouranitsas v. Tupperware Brands Corp.*, No. 6:23-cv-511-PGB-EJK, 2023 U.S. Dist. LEXIS 140890, *5 (M.D. Fla. June 5, 2023) (same); *Okaro v. Icahn Enters. L.P.*, 702 F. Supp. 3d 1296, 1300 n.1 (S.D. Fla. 2023) (same); *In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 1997089, at *2 (same).

We also find Hakimian and Argonaut's 78u-4(a)(2)(A)[3] certifications deficient. Neither Hakimian nor Argonaut state in their declarations that they reviewed ***and*** approved the complaint filed in ***this*** action, and Hakimian and Argonaut's transaction lists include events beyond the class period. (*See* Doc. 1 at 22-23; Doc. 25-5).

Accordingly, Hakimian and Argonaut's motion for appointment (Doc. 25) is **DENIED without prejudice**. By December 14, 2026, Plaintiffs must submit a revised notice that corrects the deficiencies noted above. Plaintiffs may renew their motion for appointment after publication of the corrected notice, and in doing so, must provide a 15 U.S.C. § 78u-4(9) certification of no conflict of interest from the proposed counsel of record for the class (not their entire firms), in addition to proper 15 U.S.C. § 78u-4(a)(2)(A) certifications from each proposed lead plaintiff.

**ORDERED** on November 23, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[3] The PSLRA provides, in pertinent part:

> (A) In general. Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that—
>
> (i) states that the **plaintiff has reviewed the complaint and authorized its filing**;
>
> * * *
>
> (iv) **sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period** specified in the complaint;
>
> ….

15 U.S.C. § 78u-4(a)(2)(A)(i)-(iv) (emphasis added).